Edward J. Maney, Trustee
P. O. Box 10434
Phoenix, AZ 85064
Telephone (602) 277-3776
Fax No. (602) 277-4103
ejm@maney13trustee.com

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>CESAR VELASQUEZ<br>xxx-xx-3824<br>GUADALUPE VELASQUEZ<br>xxx-xx-0395<br><br><br><br>          Debtor(s) | CHAPTER 13 BANKRUPTCY<br><br>CASE NO. 2-09-bk-10774-RTB<br><br><br>TRUSTEE'S EVALUATION AND RECOMMENDATION(S) REPORT WITH NOTICE OF POTENTIAL DISMISSAL IF CONDITIONS ARE NOT SATISFIED<br><br>RE: CHAPTER 13 PLAN |

Edward J. Maney, Trustee, has analyzed the Debtor's Chapter 13 Plan and supporting documents and submits the following evaluation and recommendation(s):

GENERAL REQUIREMENTS:

a. Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between the claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee.

b <u>Requests by the Trustee for documents and information are not superseded by the filing of an amended Plan or motion for moratorium.</u>

c. The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an Amended or Modified Plan is filed and noticed out.

d The Trustee requires that any proposed Order Confirming Plan state, "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

e. The Trustee requires that any proposed Order Confirming Plan state: "Debtor is instructed to remit all payments on or before the stated due date each month. Debtor is advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the Case can be discharged. This requirement is effective regardless of Plan payments, suspensions, waivers or moratoriums, and must be included in any Plan Confirmation Orders".

Trustee's Recommendation
Case #09-10774
Page 2. . . . . . .

f.  The Debtor(s) is required to provide directly to the Trustee, **within 30 days after the returns are filed,** copies of the federal and state income tax returns for every year during the duration of the Plan. This requirement is to be included in the Stipulated Order Confirming the Plan.

g.  At the time of confirmation, the Trustee will require the Debtor(s) to certify that Debtor(s) are current on all required tax filings and any domestic support orders.

h.  If Debtor(s) Plan proposes to discharge taxes not paid by the Plan, the Trustee objects to this provision. The proper procedure to determine dischargeability is through an adversary proceeding, pursuant to F.R.B.P. Rule 7001. Any proposed Order Confirming the Plan submitted by the Debtor(s) **must** specifically amend or remove this language to comply with the Bankruptcy Code and Rules.

RECOMMENDATION REQUIREMENTS:

1.  Interim Plan payments are current with payment of $175.00 due 9/18/09.

2.  The Trustee requires copies of all monthly bank and/or credit union statements for all checking and/or savings accounts Debtors maintained for the month the petition was filed.

3.  The Trustee notes that Debtor(s) will need to provide for their 2008 Federal and State tax refunds in their Chapter 7 Reconciliation. Debtors need to provide additional funds to satisfy this obligation.

    Debtor(s) have received significant tax refunds for 2008 which if allowed to continue constitutes a diversion of disposable income. The Trustee requires Debtor to adjust payroll tax deductions to prevent over- or under-withholding, amend Schedule I increasing Plan payments accordingly, and provide two consecutive pay stubs to verify this has been corrected, or <u>turn over tax returns and refunds beginning with 2009 through the duration of the Plan</u> as supplemental Plan payments.

4.  The Plan proposes payment of a priority creditor to Child Support Services who has filed no proof of claim. The Trustee requires that the Order Confirming Plan provides as follows: "The Trustee has authority to pay on the priority debt owed to Child Support Services even though the creditor has filed no proof of claim, but the Plan and this Order are not an informal proof of claim for any creditor".

5.  The proof of claim filed by Fed Ex differs from the creditor's treatment under the Plan or are not provided for by the Plan. The Trustee has received no notification that the issue has

been resolved and the Debtor(s) must resolve the discrepancy before the Trustee recommends confirmation of the Plan. The Trustee requires that the Debtor(s): (a) file an objection to the claim (if the debt is believed to be unsecured); (b) notify the Trustee **in writing** that the claim issue has been resolved and the holder of the claim will endorse the order confirming the Plan; (c) notify the Trustee **in writing** that the order confirming the Plan will provide for full payment of the claim; or (d) timely file an amended Plant o provide for some or all payment on the claim. The Trustee will require Debtor(s) provide written notification as to whether the discrepancy has been resolved by September 31, 2009. If resolution of the claim changes Plan funding requirements, the Trustee requires the receipt of an amended Plan analysis (Local Form 13-2) with any proposed Order confirming the Plan. If an objection to the proof of claim is timely filed by the Debtor(s) then the time to submit a proposed Order confirming the Plan to the Trustee is extend by 15 The Trustee requires an itemized list of Debtor's accounts receivable as of the date of filing, the date of each account, and a statement outlining the steps taken to collect these receivables.

6. The Trustee requires the Debtor to file a monthly business operating reports from May, June and August, 2009. The Debtor is required to provide the Trustee with a court-stamped copy of these documents. **The Debtor should note that this is a monthly filing requirement, with statements to be filed on or before the 15th of each month, covering self-employment income and expenses for the prior month**.

7. Debtors' Statement of Financial Affair fails to include any information regarding Debtors' business. The Trustee requires this document to be amended, filed and copy provided to the Trustee.

8. Debtors have surrendered their residential property. The Trustee requires a change of address to be filed with the Court copy provided to the Trustee.

9. The Trustee notes Debtor/wife's paystubs include a payroll deduction for a retirement or 401k plan loan repayment. The Trustee requires documentation regarding the terms of the loan, current loan balance and completion date. If installment payments cease prior to completion of the Chapter 13 Plan, the Trustee requires Plan payments to increase accordingly

10. The Trustee requires Debtor(s) spouse to provide two current consecutive paystubs for each full and part-time employment for the purpose of verifying the Debtor(s) income and deductions

11. The Trustee notes a discrepancy between Debtor-wife's Schedule I and pay stubs. Schedule I shows a monthly NET income of $813.28; whereas, Debtor's pay stub dated 5/29/09 shows a year-to-date NET income of $7,880.54 (which includes vehicle payments which are now being paid through the Plan) or a monthly average NET income of $1,576.11. The Trustee requires Debtor(s) to amend Schedule I incorporating all disposable income into funding the Plan

12. The Trustee requires Debtor(s) to provide documented verification of the following expenses: Life Ins. ($312.00----Schedule B fails to include any life insurance policy)  The Trustee requires <u>documented evidence for the past 12 months and Debtor(s) to **justify** these excessive expenses.</u> Where the documentation fails to support the scheduled expense, the Trustee will require an amended Schedule J to be filed.  Any increase in excess disposable income must be submitted to the Plan.

   <u>*Any documentation provided must be organized by category, month and legible.  Debtor(s) are also obligated to **JUSTIFY** the reason the Debtor (s) can not sustain their living environment within the Trustee's guidelines.  If the Debtor(s) fail to follow this guideline, the Trustee will not consider any information as being received and a Dismissal Order will be lodge for failure to comply,*</u>

13. Debtors must provide additional funding to satisfy the Chapter 7 Reconciliation obligation.

   If the Debtor(s) have any questions or concerns regarding this Recommendation, they should contact their attorney.  If Debtor(s) are not represented by counsel, they may contact the Case Administrator at extension 210.

   The Trustee objects to the confirmation of this Plan under present condition(s).  **You are hereby advised that the Trustee may lodge an Order of Dismissal should Debtor fail to remain current in Plan payments, resolve above item(s) #2 through 13 and submit Stipulated Order Confirming to the Trustee for review and signature or request a hearing within 30 days from the date of this Trustee's Recommendation.  The Trustee reserves the right to file a Supplemental Recommendation.**

Date See Electronic Signature Block

Edward J. Maney, Trustee

Copies of the foregoing
mailed on this date See Electronic
Signature Block to:

Joseph Charles  
P. O. Box 1737  
Glendale, AZ   85311

Cesar and Guadalupe Velasquez  
22536 W. Yavapai St.  
Buckeye, AZ   85326